**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| KING STEEL IRON WORK CORP., | : | |
| | : | |
| Plaintiff, | : | CASE NO.: |
| -against- | : | |
| | : | |
| QSR STEEL CORPORATION, LLC, | : | |
| PHILADELPHIA INDEMNITY INSURANCE | : | |
| COMPANY, GLENN SALAMONE, DAVID | : | |
| RUSCONI, MARC MANTIA, ABC COMPANY | : | |
| NO. 1 THROUGH 100, AND JOHN DOE NO. 1 | : | |
| THROUGH 100 | : | |
| | : | |
| Defendants; | : | SEPTEMBER 16, 2024 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that QSR STEEL CORPORATION, LLC ("QSR Steel"

or "Debtor"), by its undersigned counsel, submits this Notice of Removal in accordance

with 28 U.S.C. §§ 1452(a), 1334(b) and 157(a) and Rule 9027 of the Federal Rules of

Bankruptcy Procedure, and hereby removes this action to the United States District Court for

the Southern District of New York from the State of New York Westchester Supreme Court,

where the action is now pending.

In support of this Notice of Removal, QSR Steel respectfully states as follows:

1.      On June 18, 2024 (the "Petition Date"), QSR Steel filed a voluntary petition for

relief under Subchapter V of Chapter 11 of the Bankruptcy Code with the Clerk of this Court,

bearing Case No. 24-20562 (JJT) (the "Bankruptcy Case"). QSR Steel continues to operate its

business and manage its property as a debtor-in-possession pursuant to sections 1184 and 1186(b)

of the Bankruptcy Code.  George Purtill, Esq. has been appointed the Subchapter V Trustee in

this case.

1

2.      At the time of commencement of the Bankruptcy, a state court civil action under the caption *KING STEEL IRON WORK CORP. V. QSR STEEL CORPORATOIN, LLC*, ET AL, and with the Index No. 59638/2021 (the "Civil Action"), was pending before State of New York Westchester Supreme Court, (the "State Court").  In the Civil Action, QSR Steel is a defendant and QSR Steel's principals, Glenn Salamone and David Rusconi, are named as co-defendants.

3.      In the Civil Action, King Steel Iron Work Corp. ("King Steel") asserts certain claims against QSR Steel pursuant to a Construction Agreement in connection with the installation and erection of stairs and other structural steel materials at a construction project located at 120 Bloomingdale Road, White Plains, New York 10605.  King Steel asserts it was not paid for services performed and asserts that it recorded a mechanic's lien that was substituted with a Mechanic's Lien Discharge Bond with QSR Steel as Principal and Philadelphia Indemnity as Surety.  King Steel asserts a claim for foreclosure of the Mechanic's Lien against QSR Steel and Philadelphia Indemnity Insurance Company, claims for breach of contract, account stated, unjust enrichment, quantum meruit, and violation of New York Prompt Payment Act against QSR Steel, and a claim for diversion of trust funds against QSR Steel, Glenn Salamone, David Rusconi and Marc Mantia.

4.      In the Civil Action, QSR Steel asserted a counterclaim for breach of contract against Kings Steel.

5.      King Steel's claims are directly against QSR Steel or are so related to QSR Steel or its Bankruptcy Case that bankruptcy and supplemental jurisdiction may be properly exercised over them.

6.      On or about August 12, 2024, King Steel filed a proof of claim in the

Bankruptcy (Proof of Claim 18).

7.     The Civil Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the State Court, was still pending before the State Court.

8.     This Notice of Removal is accompanied by a copy of the process and pleadings in the Civil Action in accordance with Rule 9027(1) of the Federal Rules of Bankruptcy Procedure.  The term "pleadings" is defined by Rule 7 of the Federal Rules of Civil Procedure, made applicable by Rule 7007 of the Federal Rules of Bankruptcy Procedure.  Copies of the above-mentioned process and pleadings are to be filed contemporaneously with the filing of this Notice of Removal.  If additional documents relating to the Civil Action are required, QSR Steel will submit such documents.

9.     Pursuant to Rule 9027(b) and (c) of the Federal Rules of Bankruptcy Procedure, promptly after its filing with this Court, a copy of this Notice of Removal will be filed with the Clerk of the State Court and served upon all parties to the Civil Action.

10.     The Civil Action, including all claims and causes of action asserted therein, is a Civil Action other than a proceeding before the United States Tax Court; and it is not a Civil Action by a governmental unit to enforce such governmental unit's police or regulatory power.  The Civil Action was initiated prior to the commencement of the Bankruptcy Case.

11.     The Civil Action is a civil proceeding arising in or related to the Bankruptcy Case.  Pursuant to the Order of Referral of the United States District Court for the District of Connecticut, dated September 21, 1984 (Daly, C.J.), the United States Bankruptcy Court for the District of Connecticut, which is the Bankruptcy Court presiding over the Bankruptcy Case,[1] has jurisdiction of each and every cause of action asserted in the Civil Action.  The

---

[1] Once removed, the Civil Action may be transferred to the Bankruptcy Court in the District of Connecticut pursuant to 28 U.S.C. §1412 and Fed. R. Bankr. P. 7087.

principal or predominate claims and causes of action asserted in the Civil Action – including the counterclaims asserted by QSR Steel - have a clear and direct impact on property of the estate under 11 U.S.C. §541.  Resolution of these and the other claims and causes of action asserted in the Civil Action will significantly affect the administration of the estate and would involve the allowance or disallowance of the claims against the estate, counterclaims by the estate, attempts to exercise control of or obtain property of the estate, and proceedings affecting the liquidation of assets of the estate and the adjustment of debtor-creditor and equity security holder relationships of the Debtor's estate.  The Debtor consents to the entry of final orders or judgments by the Bankruptcy Court.

12.    This Notice of Removal is filed within ninety (90) days after the order for relief in the Bankruptcy Case.  As mentioned above, the Civil Action was pending when the Bankruptcy Case was commenced.  Each claim or cause of action in the Civil Action arises in or is at least related to the Bankruptcy Case, or is one over which supplemental jurisdiction may be exercised under 28 U.S.C. § 1367(a).  Removal of each claim and cause of action of the Civil Action to this Court is authorized by 28 U.S.C. §§ 1452(a), 1334(b) and 157.  Pursuant to 28 U.S.C. §1412 and Fed. R. Bankr. P. 7087, this Court may then transfer the Civil Action directly to the Bankruptcy Court by virtue of the Order of Referral of the United States District Court for the District of Connecticut, dated September 21, 1984 (Daly, C.J.)), referring bankruptcy matters to the United States Bankruptcy Court for the District of Connecticut.  A separate motion to transfer venue will be forthcoming.  Removal is in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure.

**NOW THEREFORE**, all parties to the Civil Action pending in the State Court as Index No. 59638/2021 are **HEREBY NOTIFIED** pursuant to Rule 9027(e) of the Federal

4

Rules of Bankruptcy Procedure, as follows:

Removal of the Civil Action and all claims and causes of action therein to the United States District Court for the Southern District of New York was effected upon the filing of a copy of the original Notice of Removal with the Clerk of the State Court pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.  The parties to the Civil Action shall proceed no further in the State Court unless and until the action is remanded.

PULLMAN & COMLEY, LLC

By:/s/ Irve J. Goldman
    Irve J. Goldman (IG8058)
    Kristin B. Mayhew (KM9794)
    Jonathan Kaplan (JK0007)
    Pullman & Comley, LLC
    850 Main Street, P.O. Box 7006
    Bridgeport, CT  06601-7006
    203 330 2000 Fax: 203 576 8888
    igoldman@pullcom.com
    kmayhew@pullcom.com
    jkaplan@pullcom.com

    *Counsel for QSR STEEL CORPORATOIN, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 16, 2024, a copy of the Notice of Removal has been filed electronically with the Clerk of the Court using CM/ECF, which will send notification of such filing to the e-mail addresses of all counsel of record denoted on the electronic Mail Notice List.

/s/ Irve J. Goldman

Irve J. Goldman (IG8058)

6

JS 44C/SDNY
REV.
05/28/2024

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
KING STEEL IRON WORK CORP.

DEFENDANTS
QSR STEEL CORPORATION, PHILADELPHIA INDEMNITY INSURANCE CO., GLENN SALAMONE, DAVID RUSCONI, MARC MANTIA, LMV II MMP Ho

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Skolnick Legal Group, P.C., 18 East 41st St, 6th Flr, New York, NY 10017
(212)744-9600

ATTORNEYS (IF KNOWN)
Welby, Brady & Greenblatt, LLP, 11 Martine Ave, White Plains, NY 10606
Gerber, Ciano Kelly Brady, LLC, 100 Corporate Pl., Ste 210, Rocky Hill CT

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Removal (28 USC 1452(A), 1334(b) and 157a and Fed. R. Bankr. P. 9027) - Foreclosure of Mechanic's Lien, Breach of Contract, Account S

Has this action, case, or proceeding, or one essentially the same, been previously filed in SDNY at any time? No [✓]Yes [ ] _____
(If yes, Judge Previously Assigned)

If yes, was this case  Vol.[ ] Invol. [ ]  Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?    No [ ]    Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)        **NATURE OF SUIT**

TORTS                                                              ACTIONS UNDER STATUTES

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY/ | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | | [ ] 367 HEALTHCARE/ | | | [ ] 375 FALSE CLAIMS |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | PHARMACEUTICAL PERSONAL | [ ] 625 DRUG RELATED | [ ] 422 APPEAL | [ ] 376 QUI TAM |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT | INJURY/PRODUCT LIABILITY | SEIZURE OF PROPERTY | 28 USC 158 | [ ] 400 STATE |
| [ ] 130 MILLER ACT | LIABILITY | [ ] 365 PERSONAL INJURY | 21 USC 881 | [ ] 423 WITHDRAWAL | REAPPORTIONMENT |
| [ ] 140 NEGOTIABLE | [ ] 320 ASSAULT, LIBEL & | PRODUCT LIABILITY | [ ] 690 OTHER | 28 USC 157 | [ ] 410 ANTITRUST |
| INSTRUMENT | SLANDER | [ ] 368 ASBESTOS PERSONAL | | | [ ] 430 BANKS & BANKING |
| [ ] 150 RECOVERY OF | [ ] 330 FEDERAL | INJURY PRODUCT | | | [ ] 450 COMMERCE |
| OVERPAYMENT & | EMPLOYERS' | LIABILITY | **PROPERTY RIGHTS** | | [ ] 460 DEPORTATION |
| ENFORCEMENT | LIABILITY | | | | [ ] 470 RACKETEER INFLU- |
| OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 820 COPYRIGHTS   [ ] 880 DEFEND TRADE SECRETS ACT | | ENCED & CORRUPT |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT | | [ ] 830 PATENT | | ORGANIZATION ACT |
| [ ] 152 RECOVERY OF | LIABILITY | [ ] 370 OTHER FRAUD | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | (RICO) |
| DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 840 TRADEMARK | | [ ] 480 CONSUMER CREDIT |
| STUDENT LOANS | [ ] 355 MOTOR VEHICLE | | | **SOCIAL SECURITY** | [ ] 485 TELEPHONE CONSUMER |
| (EXCL VETERANS) | PRODUCT LIABILITY | | | [ ] 861 HIA (1395ff) | PROTECTION ACT |
| [ ] 153 RECOVERY OF | [ ] 360 OTHER PERSONAL | [ ] 380 OTHER PERSONAL | **LABOR** | [ ] 862 BLACK LUNG (923) | |
| OVERPAYMENT | INJURY | PROPERTY DAMAGE | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490  CABLE/SATELLITE TV |
| OF VETERAN'S | [ ] 362 PERSONAL INJURY - | [ ] 385 PROPERTY DAMAGE | [ ] 710 FAIR LABOR | [ ] 864 SSID TITLE XVI | [ ] 850 SECURITIES/ |
| BENEFITS | MED MALPRACTICE | PRODUCT LIABILITY | STANDARDS ACT | [ ] 865 RSI (405(g)) | COMMODITIES/ |
| [ ] 160 STOCKHOLDERS | | | [ ] 720 LABOR/MGMT | | EXCHANGE |
| SUITS | | | RELATIONS | | |
| [✓] 190 OTHER | | **PRISONER PETITIONS** | [ ] 740 RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | [ ] 890 OTHER STATUTORY |
| CONTRACT | | [ ] 463 ALIEN DETAINEE | [ ] 751 FAMILY MEDICAL | | ACTIONS |
| [ ] 195 CONTRACT | | [ ] 510 MOTIONS TO | LEAVE ACT (FMLA) | [ ] 870 TAXES (U.S. Plaintiff or | [ ] 891 AGRICULTURAL ACTS |
| PRODUCT | **ACTIONS UNDER STATUTES** | VACATE SENTENCE | | Defendant) | [ ] 893 ENVIRONMENTAL |
| LIABILITY | | 28 USC 2255 | [ ] 790 OTHER LABOR | [ ] 871 IRS-THIRD PARTY | MATTERS |
| [ ] 196 FRANCHISE | **CIVIL RIGHTS** | [ ] 530 HABEAS CORPUS | LITIGATION | 26 USC 7609 | [ ] 895 FREEDOM OF |
| | | [ ] 535 DEATH PENALTY | [ ] 791 EMPL RET INC | | INFORMATION ACT |
| | [ ] 440  OTHER CIVIL RIGHTS | [ ] 540 MANDAMUS & OTHER | SECURITY ACT (ERISA) | | [ ] 896 ARBITRATION |
| **REAL PROPERTY** | (Non-Prisoner) | | | | [ ] 899 ADMINISTRATIVE |
| | [ ] 441 VOTING | | **IMMIGRATION** | | PROCEDURE ACT/REVIEW OR |
| [ ] 210 LAND | [ ] 442 EMPLOYMENT | | | | APPEAL OF AGENCY DECISION |
| CONDEMNATION | [ ] 443 HOUSING/ | **PRISONER CIVIL RIGHTS** | [ ] 462 NATURALIZATION | | |
| [ ] 220 FORECLOSURE | ACCOMMODATIONS | | APPLICATION | | [ ] 950 CONSTITUTIONALITY OF |
| [ ] 230 RENT LEASE & | [ ] 445 AMERICANS WITH | [ ] 550 CIVIL RIGHTS | [ ] 465 OTHER IMMIGRATION | | STATE STATUTES |
| EJECTMENT | DISABILITIES - | [ ] 555 PRISON CONDITION | ACTIONS | | |
| [ ] 240 TORTS TO LAND | EMPLOYMENT | [ ] 560 CIVIL DETAINEE | | | |
| [ ] 245 TORT PRODUCT | [ ] 446  AMERICANS WITH | CONDITIONS OF CONFINEMENT | | | |
| LIABILITY | DISABILITIES -OTHER | | | | |
| [ ] 290 ALL OTHER | [ ] 448 EDUCATION | | | | |
| REAL PROPERTY | | | | | |

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $_____  OTHER _____    JUDGE _____ DOCKET NUMBER_____

Check YES only if demanded in complaint
JURY DEMAND:    YES  × NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)                                    **ORIGIN**

[ ] 1 Original        [X] 2 Removed from       [ ] 3 Remanded      [ ] 4 Reinstated or    [ ] 5 Transferred from    [ ] 6 Multidistrict      [ ] 7 Appeal to District
      Proceeding              State Court              from                  Reopened                (Specify District)            Litigation                  Judge from
                                                         Appellate                                                                  (Transferred)              Magistrate Judge
                       [X] a. all parties represented   Court
                                                                                                                      [ ] 8 Multidistrict Litigation (Direct File)
                       [ ] b. At least one party
                              is pro se.

(PLACE AN x IN ONE BOX ONLY)                  **BASIS OF JURISDICTION**              ***IF DIVERSITY, INDICATE***
[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [X] 3 FEDERAL QUESTION   [ ] 4 DIVERSITY     ***CITIZENSHIP BELOW.***
                                                     (U.S. NOT A PARTY)

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3[ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4[ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

King Steel Iron Work Corp., 270 Randolph Street, Brooklyn, NY 11237

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

QSR Steel Corporation, LLC, 121 Elliott Street East, Hartford, Connecticut 06114
Mr. Glenn Salamone, 121 Elliott Street East, Hartford, Connecticut 06114
Mr. David Rusconi, 121 Elliott Street East, Hartford, Connecticut 06114
Mr. Marc Mantia, 62 Copper Beech Drive, Rocky Hill, Connecticut 06067

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**
I have reviewed Rules 18(a) and 20(a) of the Rules for the Division of Business Among District Judges, Southern District of New York, and I
hereby certify that this case should be assigned to the courthouse indicated below pursuant thereto.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [X] WHITE PLAINS    [ ] MANHATTAN

DATE 9/16/2024

SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 8____ Yr. 2012____)
Attorney Bar Code # JK0007

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Clear Form          Save          Print

JS 44C/SDNY
REV.
05/28/2024

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
KING STEEL IRON WORK CORP.

**DEFENDANTS**
QSR STEEL CORPORATION, PHILADELPHIA INDEMNITY INSURANCE CO., GLENN SALAMONE, DAVID RUSCONI, MARC MANTIA, ABC CO 1-100

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Skolnick Legal Group, P.C., 18 East 41st St, 6th Flr, New York, NY 10017
(212)744-9600

**ATTORNEYS (IF KNOWN)**
Welby, Brady & Greenblatt, LLP, 11 Martine Ave, White Plains, NY 10606
Gerber, Ciano Kelly Brady, LLC, 100 Corporate Pl., Ste 210, Rocky Hill CT

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Removal (28 USC 1452(A), 1334(b) and 157a and Fed. R. Bankr. P. 9027) - Foreclosure of Mechanic's Lien, Breach of Contract, Account S

Has this action, case, or proceeding, or one essentially the same, been previously filed in SDNY at any time? No ☑ Yes ☐ _____
(If yes, Judge Previously Assigned)

If yes, was this case Vol. ☐ Invol. ☐ Dismissed. No ☐ Yes ☐ If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No ☐   Yes ☐

(PLACE AN [x] IN ONE BOX ONLY)                **NATURE OF SUIT**

TORTS                                         ACTIONS UNDER STATUTES

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[✓] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY**
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**FORFEITURE/PENALTY**
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK
[ ] 880 DEFEND TRADE SECRETS ACT

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 485 TELEPHONE CONSUMER PROTECTION ACT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**PRISONER CIVIL RIGHTS**
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

Check YES only if demanded in complaint
JURY DEMAND:   YES  ✕ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)                                **ORIGIN**

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from (Specify District)    ☐ 6 Multidistrict Litigation (Transferred)    ☐ 7 Appeal to District Judge from Magistrate Judge

☒ a. all parties represented

☐ b. At least one party is pro se.

☐ 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY)          **BASIS OF JURISDICTION**          *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☐ 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

King Steel Iron Work Corp., 270 Randolph Street, Brooklyn, NY 11237

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

QSR Steel Corporation, LLC, 121 Elliott Street East, Hartford, Connecticut 06114

Mr. Glenn Salamone, 121 Elliott Street East, Hartford, Connecticut 06114

Mr. David Rusconi, 121 Elliott Street East, Hartford, Connecticut 06114

Mr. Marc Mantia, 62 Copper Beech Drive, Rocky Hill, Connecticut 06067

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I have reviewed Rules 18(a) and 20(a) of the Rules for the Division of Business Among District Judges, Southern District of New York, and I hereby certify that this case should be assigned to the courthouse indicated below pursuant thereto.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☒ WHITE PLAINS    ☐ MANHATTAN

DATE 9/16/2026

SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 8 Yr. 2012 )
Attorney Bar Code # JK0007

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
KING STEEL IRON WORK CORP.,

                    Plaintiff,

          -against-

QSR STEEL CORPORATION, PHILADELPHIA
INDEMNITY INSURANCE COMPANY, GLENN
SALAMONE, DAVID RUSCONI, MARC MANTIA,
"ABC COMPANY No. 1" through "ABC COMPANY
No. 100" and "JOHN DOE No. 1" through "JOHN DOE
No. 100," said names being fictitious, true names being
those unknown individuals and entities that may have an
interest in the real property known as 120 Bloomingdale
Road, White Plains, New York 10605, and designated
on the Official Tax Map of the City of White Plains as
Lot 2.11, Section 131.21, Block 3,

                    Defendants.

-------------------------------------------------------------------X

Index No. _____

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

       **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and serve a copy of your answer, or if the Verified Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be entered against you by default for the relief demanded in the Verified Complaint, together with the costs of this action.

       The basis of venue of this action in the County of Westchester is the location of the Real Property which is the subject of this action. Plaintiff designates the County of Westchester as the place of trial.

SKOLNICK LEGAL GROUP, P.C.

Dated: July 16, 2021                    By: _____

                                             Martin P. Skolnick
                                             Scott H. Bernstein
                                             18 East 41st Street, 6th Floor
                                             New York, New York 10017
                                             Telephone:  (212) 744-9600
                                             Facsimile:  (646) 706-7327
                                             *Attorneys for Plaintiff*
                                             *King Steel Iron Work Corp.*

**Defendants' Addresses:**
QSR Steel Corporation, LLC
121 Elliott Street East
Hartford, Connecticut 06114

Mr. Glenn Salamone
121 Elliott Street East
Hartford, Connecticut 06114

Mr. David Rusconi
121 Elliott Street East
Hartford, Connecticut 06114

Mr. Marc Mantia
62 Copper Beech Drive
Rocky Hill, Connecticut 06067

Philadelphia Indemnity Insurance Company
c/o New York State Department of Financial Services
One Commerce Plaza
99 Washington Avenue
Albany, New York 12257

2

Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 13 of 48

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
KING STEEL IRON WORK CORP.,

                      Plaintiff,

           -against-

QSR STEEL CORPORATION, LLC, PHILADELPHIA
INDEMNITY INSURANCE COMPANY, GLENN
SALAMONE, DAVID RUSCONI, MARC MANTIA,
"ABC COMPANY No. 1" through "ABC COMPANY
No. 100" and "JOHN DOE No. 1" through "JOHN DOE
No. 100," said names being fictitious, true names being
those unknown individuals and entities that may have an
interest in the real property known as 120 Bloomingdale
Road, White Plains, New York 10605, and designated
on the Official Tax Map of the City of White Plains as
Lot 2.11, Section 131.21, Block 3,

                    Defendants.

-------------------------------------------------------------------X

Index No. _____

**VERIFIED COMPLAINT**

      Plaintiff King Steel Iron Work Corp., by and through its undersigned attorneys, as and for its Verified Complaint against defendants QSR Steel Corporation, LLC, Philadelphia Indemnity Insurance Company, Glenn Salamone, David Rusconi, Marc Mantia, "ABC Company No. 1" through "ABC Company No. 100" (fictitious entities) and "John Doe No. 1" through "John Doe No. 100" (fictious persons) (collectively, "Defendants," and each a "Defendant"), states as follows:

**PARTIES, VENUE AND JURISDICTION**

      1.      Plaintiff, King Steel Iron Work Corp. ("Plaintiff") is a domestic corporation, duly organized and existing by virtue of the laws of the State of New York and authorized to do business in the State of New York, with a principal place of business located at 270 Randolph Street, Brooklyn, New York 11237.

2.      120 Bloomingdale Road, LLC, JLA Office 120 Bloomingdale, LLC, Bowery Bloomingdale, LLC, and JLA 120 Bloomingdale, LLC are, and at all times relevant were, owners in fee simple of a real property located at 120 Bloomingdale Road, White Plains, New York 10605, and designated on the Official Tax Map of the City of White Plains, as Lot 2.11, Section 131.21, Block 3 (the "Premises").

3.      Upon information and belief, defendant Philadelphia Indemnity Insurance Company ("Philadelphia") is, and at all times relevant was, a foreign business insurance corporation, duly organized and existing by virtue of the laws of the Commonwealth of Pennsylvania and authorized to do business in the State of New York, with a principal place of business located 1 Bala Cynwyd Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004.

4.      Upon information and belief, defendant QSR Steel Corporation, LLC ("QSR") is, and at all times relevant was, a domestic limited liability company, duly organized and existing by virtue of the laws of the State of Connecticut and authorized to do business in the State of New York, with a principal place of business located at 121 Elliott Street East, Hartford, Connecticut 06114.

5.      Upon information and belief, defendant Glenn Salamone ("Salamone") is, and at all times relevant was, a principal of QSR, with a principal place of business located at 121 Elliott Street East, Hartford, Connecticut 06114.

6.      Upon information and belief, defendant David Rusconi ("Rusconi") is, and at all times relevant was, a principal of QSR, with a principal place of business located at 121 Elliott Street East, Hartford, Connecticut 06114.

7.      Upon information and belief, defendant Marc Mantia ("Mantia") was, and at all times relevant was, a principal of QSR, with a residence located at 62 Copper Beech Drive, Rocky Hill, Connecticut 06067.

8.      Upon information and belief, Defendants "ABC Company No. 1" through "ABC Company No. 100" are companies which, at this time, Plaintiff is unable to identify with specificity.

9.      Upon information and belief, Defendants "John Doe No. 1" through "John Doe No. 100" are individuals which, at this time, Plaintiff is unable to identify with specificity.

10.     Venue is proper pursuant to CPLR § 507 based on the location of the Premises.

11.     The Court has personal jurisdiction over Defendants pursuant to CPLR § 301 because each Defendant is a domestic limited liability company, limited partnership, or corporation and/or transacting business in the State of New York.

**FACTS**

12.     On or about August 31, 2020, Defendant QSR hired and engaged Plaintiff as a subcontractor to perform certain work, labor and services pursuant to an agreement (the "Construction Agreement") in connection with the installation and erection of steel stairs and other structural steel materials at a construction project located at the Premises (the "Project").

13.     The Construction Agreement between Defendant QSR and Plaintiff was expressly and/or implicitly approved, authorized, permitted and/or condoned by Defendant QSR.

14.     The terms of the Construction Agreement provided that Plaintiff would perform work on a weekly ticket basis at a daily rate of $2,592.00, which amounts were payable by Defendant QSR to Plaintiff on a monthly billing cycle with payment terms of thirty (30) days.

15.     Plaintiff commenced work, labor and services at the Project in or around September 2020.

16.     From the time of its commencement of the work labor and services, Defendant QSR failed to pay Plaintiff in accordance with the terms of the Construction Agreement and failed to provide Plaintiff with the proper materials for installation which is the sole reason for Defendant's refusal to pay Plaintiff for the work it performed.

3

17.     From on or about September 2020 through on or about November 2020, Plaintiff duly performed work, labor, and services at the Project, and performed all work, labor, and services in accordance with all of the terms, covenants and conditions of the Construction Agreement.

18.     All of the work, labor and services performed at the Project by Plaintiff for the Project were, in fact, satisfactorily performed and improved the building at the Premises.

19.     Plaintiff performed all of its work at the Project in a good and workmanlike manner.

20.     After Plaintiff had installed three floors of stairs, Defendant informed Plaintiff that it supplied Plaintiff with the wrong product to install and instructed Plaintiff to remove the stairs which Defendant had provided in error at the Project.

21.     Plaintiff provided labor, material and service to the Project in accordance with the Construction Agreement, and with Defendant QSR's knowledge and consent, for which at least $49,551.25 remains due and unpaid.

22.     On or about April 13, 2021, within eight (8) months after the last date and time that Plaintiff performed work, labor, services and/or materials at the Project, Plaintiff duly filed a Notice of Mechanic's Lien (the "Mechanic's Lien") with the Office of the Clerk for the County of Westchester, the same county where the Premises is located, and duly served the Mechanic's Lien in accordance with the requirements of the New York Lien Law.  A true and correct copy of the Notice Under Mechanic's Lien Law is attached hereto as Exhibit A.

23.     The Mechanic's Lien is in writing, verified by Plaintiff and/or its authorized agent, as the lienor, and states the name and residence of the lienor, the name of the entity with which Plaintiff contracted in connection with the improvement of the building at the Premises, the name of the owner of the real property, the amount claimed to be due, a description of the real property upon which the labor, material, equipment and services were performed and/or

4

Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 17 of 48

furnished, the kind of labor performed and materials furnished, and the first and last days on which the labor, material, equipment and services were performed and/or furnished.

24.     By reason of the foregoing, and upon the filing of Plaintiff's Mechanic's Lien and its accompanying Affidavit of Service by Certified Mail in the Office of the Clerk of the County of Westchester, Plaintiff acquired a good, valid and subsisting lien against the Premises.  A true and correct copy of the Affidavit of Service by Certified Mail is attached hereto as Exhibit B.

25.     Upon information and belief, on or about April 21, 2021, QSR, as Principal, and Philadelphia, as Surety, executed Mechanic's Lien Discharge Bond numbered PB03030100125 in the penal sum of $54,506.38, conditioned for payment of any judgment which might be rendered in any action for enforcement of the Mechanic's Lien (the "Mechanic's Lien Discharge Bond").

26.     Upon information and belief, on or about April 26, 2021, the Mechanic's Lien Discharge Bond was filed with the Office of the Clerk of the County of Westchester, thereby canceling and discharging the said Mechanic's Lien as against the Premises.

27.     Pursuant to the Lien Law, the Mechanic's Lien Discharge Bond now serves as substitute security for the Mechanic's Lien which has been placed against the Premises by Plaintiff.

### AS AND FOR FIRST CLAIM FOR RELIEF
**(Foreclosure of Mechanic's Lien as to Defendants QSR Steel Corporation, LLC and Philadelphia Indemnity Insurance Company)**

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 27, inclusive, of this Verified Complaint, with the same force and effect as if fully set forth herein at length.

29.     Plaintiff filed the Mechanic's Lien against the Premises for work, labor and services furnished to the Project.

5

FILED: WESTCHESTER COUNTY CLERK 07/16/2021 04:08 PM INDEX NO. 59638/2021

NYSCEF DOC. NO. 1    Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 18 of 48   RECEIVED NYSCEF: 07/16/2021

30.     Plaintiff filed the Mechanic's Lien and its accompanying Affidavit of Service by Certified Mail in the Office of the Clerk of the County of Westchester and, as such, acquired a good, valid and subsisting lien against the Premises.

31.     Upon information and belief, QSR, as Principal, and Philadelphia, as Surety, have issued a Mechanic's Lien Discharge Bond as to the lien filed by Plaintiff.

32.     Upon information and belief, the Mechanic's Lien Discharge Bond was filed with the Office of the Clerk of the County of Westchester, thereby cancelling and discharging Plaintiff's lien against the Premises.

33.     Upon information and belief, any other liens filed by other potential lien claimants, or other interest in the Premises, or in monies due and owing from QSR to Plaintiff claimed by any other potential lien claimant is/are subordinate to the Mechanic's Lien.

34.     At the time the Mechanic's Lien was filed, there was an amount due and owing from QSR to Plaintiff in the amount of at least $49,551.25.

35.     Neither the Mechanic's Lien nor the claim upon which it is based, has been paid, waived, satisfied, canceled or discharged (except by the Mechanic's Lien Discharge Bond), and upon information and belief, no action or proceeding other than the within action has been brought to foreclose or to enforce the Mechanic's Lien or claim described herein.

36.     As a result of the foregoing, Plaintiff is entitled to foreclose on the Mechanic's Lien and to recover judgment against QSR, as Principal, and Philadelphia, as Surety, jointly and severally, in an amount of at least $49,551.25

### AS AND FOR SECOND CLAIM FOR RELIEF
**(Breach of Contract vs. Defendant QSR Steel Corporation, LLC**
**with respect to the Construction Agreement)**

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 36, inclusive, of this Verified Complaint, with the same force and effect as if fully set forth herein at length.

6

38.     At all times, Plaintiff performed its obligations to Defendant QSR under the Construction Agreement.

39.     At all times, Defendant QSR was responsible for payment of Plaintiff's work, labor and services provided to Defendant QSR under the Construction Agreement.

40.     By refusing and failing to pay for the work, labor and services provided to the Project by Plaintiff, Defendant QSR has breached the Construction Agreement between Plaintiff and Defendant QSR.

41.     As a result of the foregoing, Plaintiff has suffered damages in the amount of $49,551.25 and Plaintiff is entitled to applicable interest.

**AS AND FOR THIRD CLAIM FOR RELIEF**
**(Account Stated vs. Defendant QSR Steel Corporation, LLC)**

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 41, inclusive, of this Verified Complaint, with the same force and effect as if fully set forth herein at length.

43.     Plaintiff's Payment Applications #1 through #4 (collectively, the "Invoices"), reflecting the then existing balance of $49,551.25 owed by Defendant QSR to Plaintiff under the Construction Agreement, were delivered to and accepted by Defendant QSR.

44.     The Invoices were retained by Defendant QSR without objection, or dispute, within a time period reasonable under the circumstances.

45.     The Invoices constitute an account stated.

46.     As a result of the foregoing, Plaintiff has suffered damages in the amount of $49,551.25, and Plaintiff is entitled to applicable interest.

7

Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 20 of 48

**AS FOR THE FOURTH CLAIM FOR RELIEF**
**(Unjust Enrichment vs. Defendant QSR Steel Corporation, LLC)**

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 46, inclusive, of this Verified Complaint, with the same force and effect as if fully set forth herein at length.

48.     Plaintiff provided work, labor and services for the Project for Defendant QSR's benefit and with the expectation that it would be compensated for the same.

49.     Defendant QSR had an objective expectation to pay Plaintiff for the work, labor and services provided for the Project.

50.     Defendant QSR received the benefit of the work, labor and services Plaintiff supplied for the Project.

51.     Defendant QSR's retention of the benefit of the work, labor and services Plaintiff supplied to the Project without fully compensating Plaintiff would be unjust.

52.     Defendant QSR has been unjustly enriched in the amount of $49,551.25.

53.     As a result of the foregoing, Plaintiff has suffered damages in the amount of $49,551.25 and Plaintiff is entitled to applicable interest.

**AS FOR THE FIFTH CLAIM FOR RELIEF**
**(*Quantum Meruit* vs. Defendant QSR Steel Corporation, LLC)**

54.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 53, inclusive, of this Verified Complaint, with the same force and effect as if fully set forth herein at length.

55.     Plaintiff supplied work, labor and services for the Project in good faith, for Defendant QSR's benefit, and at Defendant QSR's express direction, fully expecting compensation for same.

56.     Defendant QSR received and accepted the benefit and use of the work, labor and services that Plaintiff supplied to the Project.

8

57. Plaintiff is entitled to the value of the work, labor and services it provided for the Project, all of which Plaintiff provided in a competent and workmanlike manner and all of which Defendant QSR requested, received and accepted.

58. Plaintiff is entitled to the *quantum meruit* value of the work, labor and services it provided and Defendant QSR accepted during the Project.

59. The reasonable *quantum meruit* value of the work, labor and services provided for the Project for which Defendant QSR has failed and refused to pay is the amount of $49,551.25.

60. As a result of the foregoing, Plaintiff has suffered damages in the amount of $49,551.25 and Plaintiff is entitled to applicable interest.

### AS FOR THE SIXTH CLAIM FOR RELIEF
**(Violation of New York Prompt Payment Act vs. Defendant QSR Steel Corporation, LLC)**

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 60, inclusive, of this Verified Complaint, with the same force and effect as if fully set forth herein at length.

62. The relationship between Plaintiff and Defendant QSR is subject to New York General Business Law § 756 *et seq.*, which is applicable to payment on construction contracts in the State of New York.

63. Under New York General Business Law § 756-A, Defendant QSR, as the general contractor for the Project and Plaintiff's counterparty to the Construction Agreement, was required to approve or disapprove Plaintiff's Invoice within 12 business days of delivery of the Invoice and to make payment on Plaintiff's Invoice within 30 days of the approval of the Invoice.

64. Defendant QSR failed to approve or disprove Plaintiff's Invoice within the period of time required under New York General Business Law § 756 *et seq*.

9

65.     Defendant QSR continues to refuse to pay Plaintiff any portion of Plaintiff's outstanding contract balance as evidenced by Plaintiff's Invoices.

66.     If payment is delayed beyond the date it should have been made under New York General Business Law § 756-a, interest accrues at the rate of one percent per month or fraction thereof.

67.     As a result of the foregoing, Plaintiff has suffered damages in the amount of $49,551.25 and Plaintiff is entitled to applicable interest.

**AS FOR THE SEVENTH CLAIM FOR RELIEF**
**(Diversion of Trust Funds vs. Defendants**
**QSR Steel Corporation, LLC, Glenn Salamone, David Rusconi and Marc Mantia)**

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 67, inclusive, of this Verified Complaint, with the same force and effect as if fully set forth herein at length.

69.     Upon information and belief, Defendants QSR, Salamone, Rusconi and Mantia received monies from the general contractor for the work, labor and services performed at the Project by Plaintiff.

70.     Upon information and belief, Defendants QSR, Salamone, Rusconi and Mantia are holding retainage monies from the renovation and improvement of the building located at the Premises.

71.     Pursuant to Section 70 of Article 3-A of the Lien Law of the State of New York, the monies Defendants QSR, Salamone, Rusconi and Mantia are holding as retainage constitute trust funds (the "Trust Funds").

72.     Pursuant to Article 3-A of the Lien Law of the State of New York, Defendants QSR, Salamone, Rusconi and Mantia are required to hold the Trust Funds in trust and use the Trust Funds only for the purpose of paying subcontractors, architects, engineers, surveyors, laborers, and materialman.

10

Case 24-02023    Doc 1    Filed 12/09/24    Entered 12/09/24 09:33:14    Page 23 of 48

73.    Pursuant to Section 2 of the Lien Law of the State of New York, Plaintiff meets the definition of a "contractor" and therefore should have been paid from the Trust Funds.

74.    Upon information and belief, Defendants QSR, Salamone, Rusconi and Mantia have made unauthorized, illegal, unjustified and improper payments of the Trust Funds for non-trust purposes.

75.    More specifically, and upon information and belief, in violation of Section 71 of Article 3-A of the Lien Law of the State of New York, Defendants QSR, Salamone, Rusconi, and Mantia jointly and severally, used the Trust Funds for non-trust purposes either for themselves or others rather than the payment of Plaintiff who has furnished work, labor and services for the improvement of the building at the Premises.

76.    Upon information and information, QSR, Salamone, Rusconi, and Mantia, jointly and severally, consented to and participated in said diversion of the Trust Funds.

77.    Upon information and belief, Defendants QSR, Salamone, Rusconi, and Mantia, jointly and severally, diverted, received and/or used the Trust Funds for non-trust purposes with actual notice and knowledge that Plaintiff was owed at least $49,551.25 from Defendant QSR pursuant to the Construction Agreement.

78.    Upon information and belief, Defendants QSR, Salamone, Rusconi, and Mantia, jointly and severally, failed to maintain sufficient and proper accounting records, evidencing the establishment of the Trust Funds, for the protection and benefit of subcontractors, architects, engineers, surveyors, laborers and materialman, including but not limited to Plaintiff.

79.    Pursuant to Section 75 of Article 3-A of the Lien Law of the State of New York, the failure of QSR, Salamone, Rusconi, and Mantia, jointly and severally, to maintain sufficient and proper accounting records is presumptive evidence that they have applied, or consented to, the application of the Trust Funds for non-trust purposes.

11

80.     Pursuant to Section 70 of Article 3-A of the Lien Law of the State of New York, Defendants QSR, Salamone, Rusconi, and Mantia, meet the definition of a "trustee."

81.     As a result of the foregoing, Defendants QSR, Salamone, Rusconi, and Mantia, jointly and severally, have violated the Lien Law of the State of New York, and are presumed by law, to have committed an act which constitutes larceny under the Lien Law of the State of New York and are punishable as provided in the penal law.

82.     Because of the egregious conduct of Defendants QSR, Salamone, Rusconi, and Mantia, jointly and severally, in diverting the Trust Funds in blatant violation of the Lien Law of the State of New York, accompanied by malice or reckless or willful disregard of Plaintiff's rights, Plaintiff is entitled to recover attorneys' fees and exemplary and punitive damages against Defendants QSR, Salamone, Rusconi, and Mantia.

83.     The actions of Defendants QSR, Salamone, Rusconi, and Mantia, jointly and severally, as alleged above and/or part of deceptive and wrongful scheme and pattern affecting the public welfare and legal rights.

84.     By reason of the foregoing, Defendants QSR, Salamone, Rusconi, and Mantia, are personally liable for Plaintiff for the monies diverted from the Trust Funds to the extent that Plaintiff has not been paid in full.

**WHEREFORE**, Plaintiff demands judgment as follows:

A.     On the First Claim for Relief for foreclosure of Mechanic's Lien against Defendants QSR Steel Corporation, LLC and Philadelphia Indemnity Insurance Company, jointly and severally:

i.     Determining that Plaintiff has a valid lien in the amount of $49,551.25, and that Plaintiff is entitled to enforce and foreclose the Mechanic's Lien against the Mechanic's Lien Discharge Bond;

ii.    Awarding a money judgment in favor of King Steel Iron Work Corp. and against Defendants QSR Steel Corporation, LLC and Philadelphia Indemnity Insurance

12

Company, jointly and severally, in the amount of at least $49,551.25, with applicable interest;

iii.    Determining the validity, extent and priority of any claims and liens asserted by any other lienors or others who may be permitted to join this action prior to the entry of judgment, and adjudging that Plaintiff has a lien which has priority over the interest or lien of any other lienors; and

iv.    Awarding costs and disbursements of this action and such other and further relief as this Court may deem just and proper.

B.    On the Second Claim for Relief for breach of contract against Defendant QSR Steel Corporation, LLC awarding Plaintiff a monetary judgment in an amount not less than $49,551.25 against Defendant QSR Steel Corporation, LLC, together with applicable interest and Plaintiff's costs of collection, including reasonable attorneys' fees, expenses and disbursements, and such other, further and different relief that the Court deems equitable and proper.

C.    On the Third Claim for Relief for account stated against Defendant QSR Steel Corporation, LLC awarding Plaintiff a monetary judgment in an amount not less than $49,551.25 against Defendant QSR Steel Corporation, LLC, together with applicable interest and Plaintiff's costs of collection, including reasonable attorneys' fees, expenses and disbursements, and such other, further and different relief that the Court deems equitable and proper.

D.    On the Fourth Claim for Relief for unjust enrichment against Defendant QSR Steel Corporation, LLC awarding Plaintiff a monetary judgment in an amount not less than $49,551.25 against Defendant QSR Steel Corporation, LLC, together with applicable interest and Plaintiff's costs of collection, including reasonable attorneys' fees, expenses and disbursements, and such other, further and different relief that the Court deems equitable and proper.

E.    On the Fifth Claim for Relief for *quantum meruit* against Defendant QSR Steel Corporation, LLC awarding Plaintiff a monetary judgment in an amount not less than $49,551.25 against Defendant QSR Steel Corporation, LLC, together with applicable interest and Plaintiff's

13

costs of collection, including reasonable attorneys' fees, expenses and disbursements, and such other, further and different relief that the Court deems equitable and proper.

F. On the Sixth Claim for Relief for violation of the New York Prompt Payment Act against Defendant QSR Steel Corporation, LLC awarding Plaintiff a monetary judgment in an amount not less than $49,551.25 against Defendant QSR Steel Corporation, LLC, together with applicable interest and Plaintiff's costs of collection, including reasonable attorneys' fees, expenses and disbursements, and such other, further and different relief that the Court deems equitable and proper.

G. On the Seventh Claim for Relief for diversion of Trust Funds against Defendants QSR Steel Corporation, Glenn Salamone, David Rusconi and Marc Mantia as follows:

i. Declaring Defendants QSR Steel Corporation, Glenn Salamone, David Rusconi and Marc Mantia, jointly and severally, trustees for the Trust Funds;

ii. Requiring Defendants QSR Steel Corporation, Glenn Salamone, David Rusconi and Marc Mantia, jointly and severally, to account for and disclose the disposition of all monies and proceeds received in connection with the renovation and improvement of the building located at the Premises;

iii. Entering monetary judgment in favor of Plaintiff and against Defendants QSR Steel Corporation, Glenn Salamone, David Rusconi and Marc Mantia, jointly and severally, in an amount not less than $49,551.25, together with applicable interest, attorneys' fees, costs, disbursements, exemplary damages, and punitive damages in an amount to be determined at trial; and

iv. awarding Plaintiff such other, further and different relief that the Court deems equitable and proper.

SKOLNICK LEGAL GROUP, P.C.

_____
Martin P. Skolnick
Scott H. Bernstein
18 East 41st Street, 6th Floor
New York, New York 10017
Telephone: (212) 744-9600
Facsimile: (646) 706-7327

14

*Attorneys for Plaintiff*
*King Steel Iron Work Corp.*

Dated:  July 16, 2021

15

Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 28 of 48

# VERIFICATION

STATE OF NEW YORK        )
                     KINGS (DM)   ) ss.:
COUNTY OF ~~QUEENS~~        )

ELIRAN GALAPO, hereby affirms the truth of the following under penalties of perjury.

I am a principal of King Steel Iron Work Corp.

I have read the attached Verified Complaint and the same is true to my own belief, except as to matters alleged on information and belief, and as to those matters, I believe them to be true to the best of my knowledge.

The source of deponent's information is his personal knowledge.

_____
ELIRAN GALAPO

Sworn to before me this 16ᵗʰ
day of July, 2021.

_____
Notary Public

DOMINIKA D. MAJEWSKA
Notary Public - State of New York
Qualified in Queens County
Lic. #01MA6226908
My Commission Expires Aug 16, 20__

FILED: WESTCHESTER COUNTY CLERK 08/03/2021 09:20 AM
NYSCEF DOC. NO. 11
Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 29 of 48

INDEX NO. 59638/2021
RECEIVED NYSCEF: 08/03/2021

## SUPREME COURT OF THE STATE OF NEW YORK
### County of Westchester



*221907*

### AFFIDAVIT OF SERVICE

Index no :**59638/2021**

**King Steel Iron Work Corp.**

Plaintiff(s),

vs.

**QSR Steel Corporation, LLC, et al**

Defendant(s).

_____/

**STATE OF CONNECTICUT**

ss: East Hartford

**HARTFORD COUNTY**

**Christine Foran**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On **07/20/2021** at **5:16 PM**, I served the within **Notice of Electronic Filing, Summons, Verified Complaint, Exhibits A & B, Verification** on **Marc Mantia** at **62 Copper Beech Drive, Rocky Hill, CT 06067** in the manner indicated below:

SUITABLE AGE: By delivering a true copy of each to **Abmira Mantia, Spouse,** a person of suitable age and discretion. Said premises is recipient's usual place of abode within the state.

Pursuant to CPLR-Section 308(**2**, on **07/22/2021** , deponent completed service by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope not indicating that the mailing was from and attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office.

Comments: **7/20/21 @ 7:16PM, central mail system, no names. Vehicle in driveway, ring door bell. Spoke to Abmira Mantia, spouse of subject through ring door bell. Address verified. Mrs. Mantia requested the documents be left at the door. No visual of Mrs. Mantia. She did confirm Marc Mantia is not active in the military**

Sworn to and subscribed before me on
July 22, 2021
by an affiant who is personally known to
me or produced identification.

X _____
Christine Foran
Guaranteed Subpoena
2009 Morris Avenue
Union, NJ 07083
1 800 672-1952
Atty File#:

_____
NOTARY PUBLIC
My Commission Expires: _____

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/2023

1 of 1

## SUPREME COURT OF THE STATE OF NEW YORK
### County of Westchester



*221896*

## AFFIDAVIT OF SERVICE

Index no : 59638/2021

**King Steel Iron Work Corp.**

       Plaintiff(s),

vs.

**QSR Steel Corporation, LLC, et al**

       Defendant(s).

_____/

**STATE OF CONNECTICUT**

       **ss: East Hartford**

**HARTFORD COUNTY**

**Sandra Yade**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On **07/21/2021** at **12:55 PM**, I served the within **Notice of Electronic Filing, Summons, Verified Complaint, Exhibits, Verification on QSR Steel Corporation LLC** at **121 Elliott Street East, Hartford, CT 06160** in the manner indicated below:

CORPORATE SERVICE: By delivering a true copy of each to **Susan Hurley, Administrative Assistant/Authorized** of the above named corporation. The undersigned asked the recipient if he/she is authorized to accept service on behalf of **QSR Steel Corporation LLC**, and the recipient responded in the affirmative.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | Caucasian | Brown | 50 | 5'4" | 140 |
| Other Features: | | | | | |

Sworn to and subscribed before me on July 22, 2021 by an affiant who is personally known to me or produced identification.

NOTARY PUBLIC
My Commission Expires: 03/31/2023

X_____
Sandra Yade
Guaranteed Subpoena
2009 Morris Avenue
Union, NJ 07083
1 800 672-1952
Atty File#:

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/2023

1 of 1

_Supreme_ _____ COURT OF THE STATE/CITY OF NEW YORK

COUNTY OF **WESTCHESTER**. ATTORNEY: **SCOTT H. BERNSTEIN, ESQ.**

20210719120237

| | | |
|---|---|---|
| **KING STEEL IRON WORK CORP.**<br>- against -<br>**QSR STEEL CORPORATION, LLC. ET AL** | Peitioner(s)<br>Plaintiff(s)<br>Respondent(s)<br>Defendant(s) | **AFFIDAVIT OF SERVICE**<br><br>INDEX#<br>59638 2021<br>DATE OF FILING: _7/16/21_ |

STATE OF: _New York_ - COUNTY OF: _Albany_ ss:

I, _Angela Roy_, being duly sworn deposes and says deponent is not a party to this action, is over the age of 18 and resides in _Latham NY_

That on date/time: _7/21/21@11:14A_ at ONE COMMERCE PLAZA 99 WASHINGTON AVENUE ALBANY NY 12210

deponent served within: NOTICE OF ELECTRONIC FILING, SUMMONS, VERIFIED COMPLAINT, VERIFICATION, EXHIBITS _check for $40 Filing fee_

[ ] Summons, Spanish summons & complaint, the language required by NRCRR 2900.2(e), (f) & (h) was set forth on the face of the summons(es)

On: PHILADELPHIA INDEMNITY INSURANCE COMPANY, C/O NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES

[✓] Defendant       [ ] Respondent       [ ] Witness (hereinafter called the recipient) therein named.

| | |
|---|---|
| **INDIVIDUAL**<br>**A** [ ] | By personally delivering and leaving with said PHILADELPHIA INDEMNITY INSURANCE COMPANY, C/O NEW YORK STATE<br>and that he/she knew the person so served to be the person mentioned and described in the aforementioned documents. |
| **CORPORATION**<br>**B** [ ] | By delivering to and leaving with _____<br>at _____<br>and that he knew the person so served to be _____ of the corporation. |
| **SUITABLE AGE**<br>**PERSON**<br>**C** [ ] | Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:<br>By delivering a true copy thereof to and leaving with _____<br>a person of suitable age and discretion at _____<br>the said premises being the recipient's [ ] Dwelling/Usual place of abode [X] Actual place of business within the State of NY. |
| **AFFIXING TO**<br>**DOOR, ETC**<br>**D** [ ] | By affixing a true copy thereof to the door of said premises, the same being the recipient's [ ]<br>Dwelling/Usual place of abode [X] Actual place of business within the State of NY.<br>Deponent had previously attempted to serve the above named recipient on/at times documented below/to right:<br>Deponent spoke with _____ who stated to deponent that the said recipient(s)<br>lived at the aforementioned address, but did not know recipient's place of employment.<br>1._____ 2._____ 3._____ |
| **MAILING TO**<br>**RESIDENCE**<br>**E1** [ ] | Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient to recipient's dwelling place/usual place of abode at the above address and deposited said envelope in an official repository under the exclusive care and custody of the US Postal Service within the State of NY. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient and mailed on _____. |
| **MAILING TO**<br>**BUSINESS**<br>**E2** [✓] | Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient to recipient's actual place of business at the above address and deposited said envelope in an official repository under the exclusive care and custody of the US Postal Service within the State of NY. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient and mailed on _7/21/21 priority mail - 9505512166626/202252220_ |
| **WITNESS FEE**<br>**F** [ ] | Witness fee of the authorizing traveling expenses and one day's witness fee:<br>[ ] was paid (tendered) to the recipient [ ] was mailed to the witness with subpoena copy. |
| **MILITARY SERVICE**<br>**G** [X] | I asked the person spoken to whether defendant was in active military service of the United States or of the State of NY in any capacity whatsoever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. |
| **H** [X] | DEPONENT STATES THAT THE INDEX # AND FILING DATE WERE CLEARLY VISIBLE ON THE SUMMONS. |

DESCRIPTION OF THE RECIPIENT OR OTHER PERSON SERVED OR SPOKEN TO ON BEHALF OF THE RECIPIENT IS AS:

_* Due to Covid 19 - NYS Dept. of financial services only accepts service by mail with priority tracking._

**Description of Person Accepting Service:**

SEX: _____ AGE: _____ HEIGHT: _____ WEIGHT: _____ SKIN: _____ HAIR: _____ OTHER: _____

| | |
|---|---|
| **To Be Used Where Electronic Signature Not Available**<br>**Served Data:**<br>Subscribed and Sworn to me this<br>_21st_ ____ day ____ _July_ , 20 _21_<br><br>Notary Signature: _____<br>**BRADLEY ROY** _____ _5/31/23_<br>Name of Notary        Commission Expiration<br><br>BRADLEY J. ROY<br>Notary Public, State of New York<br>Qualified in Albany Co., No. 01RO6242471<br>Commission Expires May 31, 2023 | **Docusign Court Approved E-Signature**<br>I, _Angela Roy_,<br>was at the time of service a competent adult, not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.<br><br>_____ _7/21/2021_<br>Signature of Process Server        Date<br>License#:_____<br>**GUARANTEED SUBPOENA SERVICE, INC.**<br>**2009 MORRIS AVENUE, SUITE 101**<br>**UNION, NJ 07083** |

1 of 1

## SUPREME COURT OF THE STATE OF NEW YORK
### County of Westchester



*221898*

## AFFIDAVIT OF SERVICE

Index no :59638/2021

King Steel Iron Work Corp.

       Plaintiff(s),

vs.

QSR Steel Corporation, LLC, et al

       Defendant(s).

_____/

**STATE OF CONNECTICUT**
          **ss: East Hartford**
**HARTFORD COUNTY**

**Sandra Yade**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On **07/21/2021** at **12:55 PM**, I served the within **Notice of Electronic Filing, Summons, Verified Complaint, Exhibits, Verification** on **David Rusconi** at **121 Elliott Street East, Hartford, CT 06160** in the manner indicated below:

By delivering a true copy of each to **Susan Hurley, Administrative Assistant/Authorized** and informing him/her of the contents.

Pursuant to CPLR-Section 308(**2**), on **07/22/2021** , deponent completed service by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope not indicating that the mailing was from and attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin | Color of hair | Age | Height | Weight |
|-----|---------------|---------------|-----|--------|--------|
| Female | Caucasian | Brown | 50 | 5'4" | 140 |
| Other Features: | | | | | |

Sworn to and subscribed before me on
July 22, 2021
by an affiant who is personally known to
me or produced identification.

_____
NOTARY PUBLIC
My Commission Expires: 03/31/2023

**AMY J. CHANTRY**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/2023

X_____
Sandra Yade
Guaranteed Subpoena
2009 Morris Avenue
Union, NJ 07083
1800 672-1952
Atty File#:

SUPREME COURT OF THE STATE OF
NEW YORK
County of Westchester



*221897*

AFFIDAVIT OF SERVICE

Index no :59638/2021

King Steel Iron Work Corp.

Plaintiff(s),

vs.

QSR Steel Corporation, LLC, et al

Defendant(s).
_____/

STATE OF CONNECTICUT

ss: East Hartford

HARTFORD COUNTY

**Sandra Yade**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On **07/21/2021** at **12:55 PM**, I served the within **Notice of Electronic Filing, Summons, Verified Complaint, Exhibits, Verification** on **Glenn Salamone** at **121 Elliott Street East, Hartford, CT 06160** in the manner indicated below:

SUITABLE AGE: By delivering a true copy of each to **Susan Hurley, Administrative Assistant/Authorized,** a person of suitable age and discretion. Said premises is recipient's usual place of abode within the state.

Pursuant to CPLR-Section 308(**2**), on **07/22/2021** , deponent completed service by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope not indicating that the mailing was from and attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|------|-------------------|---------------|-----|--------|--------|
| Female | Caucasian | Brown | 50 | 5'4" | 140 |
| Other Features: | | | | | |

Sworn to and subscribed before me on
July 22, 2021
by an affiant who is personally known to
me or produced identification.

NOTARY PUBLIC
My Commission Expires: 03/31/2023

X_____
Sandra Yade
Guaranteed Subpoena
2009 Morris Avenue
Union, NJ 07083
1800 672-1952
Atty File#:

AMY J. CHANTRY
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/31/2023

1 of 1

Case 24-02023    Doc 1    Filed 12/09/24    Entered 12/09/24 09:33:14    Page 34 of 48

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------------X
KING STEEL IRON WORK CORP.,                         Index No.: 59638/2021

                              Plaintiff,

            - against -

QSR STEEL CORPORATION, LLC, PHILADELPHIA          **ANSWER TO VERIFIED**
INDEMNITY INSURANCE COMPANY, GLENN               **COMPLAINT WITH**
SALAMONE, DAVID RUSCONI, MARC MANTIA,            **AFFIRMATIVE DEFENSES**
"ABC COMPANY No. 1" through "ABC COMPANY
No. 100" and "JOHN DOE 1" through "JOHN DOE
No. 100", said names being fictitious, true names being
those unknown individuals and entities that may have an
interest in the real property known as 120 Bloomingdale
Road, White Plains, New York 10605, and designated
on the Official Tax Map of the City of White Plains as
Lot 2.11 5, Section 131.21, Block 3,

                              Defendants.
-------------------------------------------------------------------------X

        Defendant Philadelphia Indemnity Insurance Company ("PIIC" or "Defendant"), by its

attorneys, Welby, Brady & Greenblatt, LLP, as and for its Answer to Plaintiff King Steel Iron Work

Corp.'s ("KSIW's" or "Plaintiff's") Verified Complaint (the "Complaint"), alleges, upon

information and belief, as follows:

        1.      Defendant denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraphs "1" and "2" of the Complaint.

        2.      Defendant admits the allegations contained in paragraph "3" of the Complaint to the

extent that PIIC is a business insurance corporation duly organized and existing under the laws of the

Commonwealth of Pennsylvania, and is authorized to do business in the State of New York.

        3.      Defendant denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraphs "4" through "9" of the Complaint.

        4.      Defendant admits the allegations contained in paragraph "10" of the Complaint.

- 1 -

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "11" of the Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "12" through "24" of the Complaint, and refers any issues of law to the Court.

7.      Defendant admits the allegations contained in paragraphs "25" through "27" of the Complaint, and begs leave of the Court to refer to any applicable written agreement(s), including lien discharge bond(s), to the extent they exist, for their true terms and conditions.

### AS AND FOR FIRST CLAIM FOR RELIEF
### (Foreclosure of Mechanic's Lien as to Defendants QSR Steel Corporation, LLC and Philadelphia Indemnity Insurance Company)

8.      Responding to paragraph "28" of the Complaint, Defendant repeats and realleges each and every statement set forth in paragraphs "1" through "7" hereof, as though fully set forth herein.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "29" and "30" of the Complaint, and refers any issues of law to the Court.

10.     Defendant admits the allegations contained in paragraphs "31" and "32" of the Complaint, and begs leave of the Court to refer to any applicable written agreement(s), including lien discharge bond(s), to the extent they exist, for their true terms and conditions.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "33" through "35" of the Complaint, and refers any issues of law to the Court.

- 2 -

12.     Defendant denies the allegations contained in paragraph "36" of the Complaint, and refers any issues of law to the Court.

## AS AND FOR SECOND CLAIM FOR RELIEF
### (Breach of Contract vs. Defendant QSR Steel Corporation, LLC
### with respect to the Construction Agreement)

13.     Responding to paragraph "37" of the Complaint, Defendant repeats and realleges each and every statement set forth in paragraphs "1" through "12" hereof, as though fully set forth herein.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "38" through "41 of the Complaint, and refers any issues of law to the Court.  Defendant begs leave of the Court to refer to any applicable written agreement(s), to the extent they exist, for their true terms and conditions.

## AS AND FOR THE THIRD CLAIM FOR RELIEF
### (Account Stated vs. Defendant QSR Steel Corporation, LLC)

15.     Responding to paragraph "42" of the Complaint, Defendant repeats and realleges each and every statement set forth in paragraphs "1" through "14" hereof, as though fully set forth herein.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "43" through "46" of the Complaint, and refers any issues of law to the Court. Defendant begs leave of the Court to refer to any applicable written agreement(s) and/or instrument(s), including invoice(s), to the extent they exist, for their true terms and conditions.

- 3 -

## AS AND FOR THE FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment vs. Defendant QSR Steel Corporation, LLC)

17.     Responding to paragraph "47" of the Complaint, Defendant repeats and realleges each and every statement set forth in paragraph "1" through "16" hereof, as though fully set forth herein.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "48" through "53" of the Complaint, and refers any issues of law to the Court.

## AS AND FOR THE FIFTH CLAIM FOR RELIEF
### (*Quantum Meruit* vs. Defendant QSR Steel Corporation, LLC)

19.     Responding to paragraph "54" of the Complaint, Defendant repeats and realleges each and every statement set forth in paragraph "1" through "18" hereof, as though fully set forth herein.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "55" through "60" of the Complaint, and refers any issues of law to the Court.

## AS AND FOR THE SIXTH CLAIM FOR RELIEF
### (Violation of New York Prompt Payment Act vs. Defendant QSR Steel Corporation, LLC)

21.     Responding to paragraph "61" of the Complaint, Defendant repeats and realleges each and every statement set forth in paragraph "1" through "20" hereof, as though fully set forth herein.

22.     Paragraphs "62" and "63" of the Complaint constitute recitations and/or purported applications of New York General Business Law §§ 756 and 756-A, to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient

Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 38 of 48

to form a belief as to the truth or falsity of the allegations contained in paragraphs "62" and "63" of the Complaint, and refers any issues of law to the Court.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "64" and "65" of the Complaint, and refers any issues of law to the Court.

24.     Paragraph "66" of the Complaint constitutes a recitation and/or purported application of New York General Business Law § 756-A, to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "66" of the Complaint, and refers any issues of law to the Court.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "67" of the Complaint, and refers any issues of law to the Court.

### AS AND FOR THE SEVENTH CLAIM FOR RELIEF
#### (Diversion of Trust Funds vs. Defendants QSR Steel Corporation, LLC, Glenn Salamone, David Rusconi and Marc Mantia)

26.     Responding to paragraph "68" of the Complaint, Defendant repeats and realleges each and every statement set forth in paragraph "1" through "25" hereof, as though fully set forth herein.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "69" and "70" of the Complaint.

28.     Paragraphs "71" through "73" of the Complaint constitute recitations and/or purported applications of Article 3-A of the Lien Law of the State of New York, to which no response is required.  To the extent a response is required, Defendant denies knowledge or

- 5 -

information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "71" through "73" of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "74" through "78" of the Complaint, and refers any issues of law to the Court.

30. Paragraphs "79" and "80" of the Complaint constitute recitations and/or purported applications of Article 3-A Of the Lien Law of the State of New York, to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "79" and "80" of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "81" through "84" of the Complaint, and refers any issues of law to the Court.

32. The final, unnumbered paragraphs of the Complaint, or its "WHEREFORE" clauses and all sections thereof, are a prayer for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in said paragraphs, and refers any issues of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. The Complaint, and each cause of action alleged therein against Defendant, should be dismissed for failure to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. The Complaint, and each cause of action alleged therein against Defendant, are barred, in whole or in part, by documentary evidence.

- 6 -

INDEX NO. 59638/2021
NYSCEF DOC. NO. 11
RECEIVED NYSCEF: 09/21/2021

Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 40 of 48

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35.     The Complaint, and each cause of action alleged therein against Defendant, should be dismissed under the doctrines of estoppel, laches and/or unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36.     The Complaint, and each cause of action alleged therein against Defendant, should be dismissed under the doctrines of waiver and release.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37.     The Complaint, and each cause of action alleged therein against Defendant, are barred, in whole or in part, by the applicable statute of frauds.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38.     The Complaint, and each cause of action alleged therein against Defendant, are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

39.     The Complaint, and each cause of action alleged therein against Defendant, are barred, in whole or in part, as a result of Plaintiff's failure to comply with conditions precedent in relation to its dealings with co-Defendant, QSR Steel Corporation, LLC.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

40.     The Complaint, and each cause of action alleged therein against Defendant, should be dismissed as Defendants are excused and discharged from performance due to Plaintiff's material breaches of its contract and/or agreement(s) with QSR Steel Corporation, LLC.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41.     The Complaint, and each cause of action alleged therein against Defendant, are barred, in whole or in part, by the doctrine of accord and satisfaction.

- 7 -

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

42.     The Complaint, and each cause of action alleged therein against Defendant, are barred, in whole or in part, by the doctrines of setoff and recoupment.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

43.     Plaintiff's first cause of action for foreclosure of a mechanic's lien is barred for failure to name all necessary parties.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

44.     The amounts claimed by the Plaintiff are overstated and/or improperly calculated, resulting in a willfully exaggerated lien claim and/or filing of a defective lien.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

45.     The Complaint, and each cause of action alleged therein against Defendants, are barred, in whole or in part, as a result of lack of notice, whether required by written agreement or otherwise required by law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

46.     Plaintiff's first cause of action should be dismissed on grounds that Plaintiff failed to maintain a valid lien on the property.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiff's first cause of action should be dismissed on grounds that Plaintiff failed to comply with the Lien Law of the State of New York.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

48.     Defendant's liability, if any, is limited to the penal sum of the lien discharge bond.

- 8 -

## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

49.     Defendant, as surety, reserves the right to claim any defense that its bond principal, QSR Steel Corporation LLC, has or would have or otherwise would be entitled to raise against or in connection with the claims set forth in the Complaint.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

50.     Defendant reserves its rights to assert additional affirmative defenses based on the results of further investigation and discovery in this matter.

**WHEREFORE**, Defendant Philadelphia Indemnity Insurance Company respectfully demands judgment as follows:

A.  Dismissal with prejudice of King Steel Iron Work Corp.'s Complaint as against Defendant Philadelphia Indemnity Insurance Company, together with an award to Philadelphia Indemnity Insurance Company of its costs and attorneys' fees incurred in defending against Plaintiff's claim(s); and

B.  For such other and further relief as this Court may deem just, proper and equitable.

Dated:  White Plains, New York
        September 21, 2021

**WELBY, BRADY & GREENBLATT, LLP**

By: _____*Andreas M. Koudellou*_____
        Paul G. Ryan
        Andreas M. Koudellou
        *Attorneys for Defendant*
        *Philadelphia Indemnity Insurance Company*
        11 Martine Avenue, 15th Floor
        White Plains, New York 10606
        (914) 428-2100

- 9 -

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                              ) ss.:
COUNTY OF WESTCHESTER     )

I am an attorney admitted to practice before the courts of the State of New York, and I affirm that the following statements are true under penalty of perjury.

I am associated with the attorneys of record, Welby, Brady & Greenblatt, LLP, for defendant Philadelphia Indemnity Insurance Company. I have read the annexed Answer, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: The records of Philadelphia Indemnity Insurance Company pertaining to the subject matter of this litigation. The reason I make this affirmation instead of defendant Philadelphia Indemnity Insurance Company is because said defendant is not in the county where Welby, Brady & Greenblatt, LLP has its office.

Dated: White Plains, New York
       September 21, 2021

*Andreas M. Koudellou*
Andreas M. Koudellou

- 10 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
KING STEEL IRON WORK CORP.,

                            Plaintiff,

                  -against-

QSR STEEL CORPORATION, LLC, PHILADELPHIA
INDEMNITY INSURANCE COMPANY, GLENN
SALAMONE, DAVID RUSCONI, MARC MANTIA,
"ABC COMPANY No. 1" through "ABC COMPANY
No. 100" and "JOHN DOE No. 1" through "JOHN DOE
No. 100," said names being fictitious, true names being
those unknown individuals and entities that may have an
interest in the real property known as 120 Bloomingdale
Road, White Plains, New York 10605, and designated
on the Official Tax Map of the City of White Plains as
Lot 2.11, Section 131.21, Block 3,

                          Defendants.

------------------------------------------------------------------X

Index No. 59638/2021

**VERIFIED REPLY TO
COUNTERCLAIM**

      Plaintiff King Steel Iron Work Corp. ("King Steel") by way of Reply to the counterclaim

of defendant QSR Steel Corporation, LLC ("QSR") states as follows:

      1.      King Steel admits the allegations set forth in paragraph 1 of the counterclaim.

      2.      King Steel denies the allegations set forth in paragraph 2 of the counterclaim,

except King Steel admits that it is a domestic corporation organized and existing under the laws

of the State of New York.

      3.      Paragraph 3 of the counterclaim constitutes conclusions of law to which no

response is required.  To the extent a response is required, King Steel admits the allegations set

forth in paragraph 3 of the counterclaim.

INDEX NO. 59638/2021
RECEIVED NYSCEF: 10/08/2021

Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 45 of 48

4.      Paragraph 4 of the counterclaim constitutes conclusions of law to which no response is required.  To the extent a response is required, King Steel admits the allegations set forth in paragraph 4 of the counterclaim.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST KING STEEL

5.      By way of answer to paragraph 5 of the counterclaim, King Steel hereby repeats each and every response in the preceding paragraphs as if fully set forth herein.

6.      King Steel denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the counterclaim.

7.      King Steel denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the counterclaim.

8.      King Steel denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the counterclaim.

9.      King Steel neither admits nor denies the allegations set forth in paragraph 9 of the counterclaim, as the allegations do no more than purport to set forth the terms of a contract, to which King Steel respectfully refers the Court for all its terms and conditions.

10.      King Steel neither admits nor denies the allegations set forth in paragraph 10 of the counterclaim, as the allegations do no more than purport to set forth the terms of a contract, to which King Steel respectfully refers the Court for all its terms and conditions.

11.      King Steel neither admits nor denies the allegations set forth in paragraph 11 of the counterclaim, as the allegations do no more than purport to set forth the terms of a contract, to which King Steel respectfully refers the Court for all its terms and conditions.

12.      King Steel denies the allegations set forth in paragraph 12 of the counterclaim.

13.      King Steel denies the allegations set forth in paragraph 13 of the counterclaim.

14.      King Steel denies the allegations set forth in paragraph 14 of the counterclaim.

15.      King Steel denies the allegations set forth in paragraph 15 of the counterclaim.

2

Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 46 of 48

16.     King Steel denies the allegations set forth in paragraph 16 of the counterclaim.

17.     King Steel denies the allegations set forth in paragraph 17 of the counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The counterclaim fails to set forth a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The counterclaim is barred, in whole or in part, by the doctrines of unclean hands, waiver, release, estoppel and laches.

## THIRD AFFIRMATIVE DEFENSE

The counterclaim is barred, in whole or in part, by the doctrines of setoff and recoupment.

## FOURTH AFFIRMATIVE DEFENSE

The counterclaim is barred, in whole or in part, by the doctrine of accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

The counterclaim is barred, in whole or in part, by virtue of the allegations set forth in King Steel's Verified Complaint, which are incorporated herein by reference.

## SIXTH AFFIRMATIVE DEFENSE

The counterclaim is barred, in whole or in part, to the extent that QSR breached a contract with King Steel or any other entity or person with respect to the subject property and the subject construction project.

## SEVENTH AFFIRMATIVE DEFENSE

The damages alleged by QSR were caused by the intervening, interceding and superseding acts of parties and non-parties not under the control of King Steel.

3

Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 47 of 48

## EIGHTH AFFIRMATIVE DEFENSE

King Steel reserves the right to assert additional affirmative defenses based on the results of further investigation and discovery in this matter.

**WHEREFOR**E, King Steel seeks the entry of judgment dismissing QSR's counterclaim with prejudice, and granting it attorneys' fees, costs, interest, and such other and further relief as this Court deems appropriate and just.

SKOLNICK LEGAL GROUP, P.C.

Dated: October 8, 2021                  By: _____

Martin P. Skolnick
Scott H. Bernstein
18 East 41st Street, 6th Floor
New York, New York 10017
Telephone: (212) 744-9600
Facsimile: (646) 706-7327
*Attorneys for Plaintiff*
*King Steel Iron Work Corp.*

4

Case 24-02023   Doc 1   Filed 12/09/24   Entered 12/09/24 09:33:14   Page 48 of 48

## ATTORNEY'S VERIFICATION

**SCOTT H. BERNSTEIN**, under penalty of perjury, states that I am an attorney at Skolnick Legal Group, P.C., attorneys for plaintiff King Steel Iron Work Corp. ("King Steel") in this action and that the facts and allegations set forth in the within Verified Reply to Counterclaim are true and accurate to the best of my knowledge, with the exception of those matters that are alleged upon information and belief which matters I believe to be true; that the grounds of my belief as to all matters not stated upon my knowledge are documents and/or information furnished to me by King Steel; and that the reason why this Verification is made by and not King Steel is that King Steel's office is located outside the county where my office is located.

Dated: October 8, 2021                    By: _____

                                                  Scott H. Bernstein